IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            Case No. 6:03-cm-60009-JTM-1

ARLANDO LATHAM,

      Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant's "Motion to Quash or Reinstate" filed on June 16, 2020 (Dkt. 22), in which the defendant requests that his probation violation be "removed" or that he be reinstated on probation. Defendant's motion is substantially similar to several prior motions filed by defendant (Dkts. 15, 18, 20) in which he has asked the court to remove a detainer related to a Revocation Judgment entered on May 4, 2004. (Dkt. 12). At the time of the Revocation Judgment, defendant admitted to a violation of a standard condition of supervision related to his being found guilty after jury trial of two counts of aggravated robbery, one count of aggravated burglary, and one count of aggravated assault. (*See* Dkt. 3, Dkt. 12). His supervision was revoked, and he was sentenced to a term of 36 months in prison to run consecutive to a state sentence imposed by the Sedgwick County, Kansas District Court. (Dkt. 12).

Defendant is currently serving the balance of his sentence in relation to the Sedgwick County, Kansas conviction, and wants this court to "remove" the detainer related to his probation violation or reinstate his probation in such a manner that he

would not need to serve the 36 month Revocation Judgment in a federal facility upon completion of his state sentence. Whether the court would reinstate defendant's probation, allow him to serve his time through community service or work release, or order that his 36-month term of imprisonment run concurrent with his state sentence, rather than consecutively, the end result defendant requests is the same: defendant wants this court to alter the terms of the May 4, 2004 Revocation Judgment. As this court has previously explained, it has no jurisdiction to grant this type of relief. (*See* Dkts. 19, 21).

Defendant never appealed the Revocation Judgment, and he has not identified any grounds to collaterally attack the judgment over 16 years later. The judgment is final, and the court has no authority to alter it. The Bureau of Prisons (BOP) is responsible for determining defendant's placement during his 36-month sentence, any credit to be granted for time served, and defendant's eligibility for home confinement, and the court is without any authority to direct BOP's decisions in that regard.

Defendant briefly mentions the First Step Act as being "something that would apply" and the contends that the presence of Covid-19 in federal prisons "allows more reason" for the court to release him from custody upon the completion of his state sentence. But even if this court were to construe defendant's motion as a motion for compassionate release under 18 U.S.C. § 3582(c) as amended by the First Step Act, defendant would not be entitled to the relief he has requested. 18 U.S.C. § 3582(c) serves as a "clear and mandatory restriction" of the court's authority to modify a term of imprisonment once it is imposed. *United States v. Spaulding*, 802 F.3d 1110, 1112, 1122 (10th Cir. 2015). Under section 3582(c)(1)(A), a defendant may not file a motion with the court

requesting modification of a term of imprisonment until he has either exhausted all administrative rights to appeal the BOP's failure to bring such a motion on his behalf, or until 30 days have expired from the date the warden of his facility received the defendant's request for such a recommendation. A defendant's failure to comply with the exhaustion requirement precludes compassionate release. *See United States v. Nash*, No. 19-40022-1-DDC, 2020 WL 1974305 at *2 (D. Kan. Apr. 24, 2020) (citing *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) for the proposition that "[u]nless the defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.").

Even if defendant had complied or was excused from compliance with the exhaustion requirement, defendant's motion would fail on its merits. Under § 3582(c)(1)(A), the court can reduce a defendant's term of imprisonment if it considers the factors set forth in 18 U.S.C. § 3553(a) and finds the defendant is not a danger to the community, the reduction is consistent with the applicable policy guidelines, and that the reduction is warranted by "extraordinary and compelling reasons." *See United States v. Britton*, 2020 WL 2404969 at *3 (D. N.H. May 12, 2020) (citations omitted). The threat of infection with Covid-19 alone is not an "extraordinary and compelling reason" to grant compassionate release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("… the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Eberhart*, 13-CR-00313-PJH-1, 2020 WL 1450745 at *2

(N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13."); *United States v. Seymon*, 11-CR-10040-JES, 2020 WL 2468762 at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP …. But the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release."). Defendant's generic concerns about the presence of Covid-19 in federal prison do not provide grounds for this court to alter the May 4, 2004 Revocation Judgment.

Finally, defendant argues that if the Revocation Judgment ran concurrent to his state sentence, his time would have already been served. While true, his argument does not give the court authority to alter or amend the judgment.

Defendant's Motion to Quash or Reinstate (Dkt. 22) is consequently DENIED.

IT IS SO ORDERED this 19th day of June, 2020.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
United States District Court